## GILBERT CONGDON & CO. v. OLNEY READ.

Covenant, and not debt, is the proper action to be brought by copartners upon a sealed agreement of guaranty executed to the firm, and that, whether it be conditional or unconditional, so that it be a covenant, and not a condition, merely.

A sealed promise, to pay " whatever sum may be due for all articles of book account furnished to J. H. R. and at his request and for his use, and for which he is now indebted, and for all other articles of book account furnished on *this* day or at any future day, provided said articles of book account do not exceed the sum of two hundred and fifty dollars," applies only to the existing debt, and articles furnished in addition to make up the sum of $250, and when these are paid, does not continue to secure any future balance of account to that amount.

THIS was an action of covenant upon a sealed agreement of guaranty, made by the defendant with the plaintiffs, who were dealers in iron and hardware.

Plea, *non est factum;* with an agreement, that the plea should operate as a general traverse of the plaintiffs' declaration, in the same manner as the general issue in actions of debt and assumpsit.

The case was submitted to the court upon the following agreed facts :—

That on the 7th day of May, 1857, the defendant, Olney Read, executed and delivered to the plaintiffs a sealed agreement, as follows :—

" I, Olney Read, of Providence, in the county of Providence, and State of Rhode Island, do hereby promise and agree with Gilbert Congdon & Co., of said Providence, that I will pay and cause to be paid unto them whatever sum may be due for all articles of book account furnished to John H. Robinson, and at his request and for his use, and for which he is now indebted, and for all other articles of book account furnished on *this* day or at any future day ; provided said articles of book account do not exceed the sum of two hundred and fifty dollars.

" And if the said John H. Robinson shall neglect to pay the full amount due for said articles of book account for more than thirty days after the expiration of the term of credit given upon the sale thereof, then said Gilbert Congdon & Co. may have their

right of action against me, for the recovery thereof, I hereby waiving notice of the failure of said John H. Robinson to pay said sum when due.

"In witness whereof, I have hereunto set my hand and seal, this 7th day of May, 1857.

(Signed,) "OLNEY READ. [L. S.]

"In presence of

(Signed,) "WM. A. HUNT."

That at the time of the execution of said instrument, the said John H. Robinson, named therein, was indebted to the plaintiffs for articles of book account furnished by them to him at his request, and for his use, in the sum of $179.88; and that on the day of the execution of said instrument, the plaintiffs furnished to said Robinson, on credit, at his request and for his use, articles of book account to the amount of $8.77; and subsequently thereto, articles of book account to the amount of $1237.83; all of which were paid for in full by said Robinson; that between the first day of January and the sixth day of November, 1862, the plaintiffs furnished the said Robinson, at his request and for his use, with articles of book account, on credit, to the amount of $201.35, on which there was due, thirty days before the commencement of this action, and is now due, the sum of $123.33; and that after said Robinson had failed and assigned his property for the benefit of his creditors, and before the commencement of this suit, the plaintiffs notified the defendant that the said Robinson was indebted to them in said sum of $123.33, and demanded of him payment of said sum, which was refused. It was further agreed, that at the time of the execution of said instrument, and since, during the accruing of said accounts, the plaintiffs, Gilbert Congdon and Francis W. Carpenter, were doing business as copartners, under the firm of Gilbert Congdon & Co.

*Eddy, for the plaintiffs :—*

The guaranty is a continuing one, designed to cover, to the amount of $250, a running account, consisting of articles, furnished and to be furnished; and should, as his instrument, be construed most strongly against the guarantor.

*W. H. Greene, for the defendant:*—

I. Debt, not covenant, was the proper action.   3 Dane's Abr. ch. 101, art. 2, § 1.   Covenant will not lie on the condition of a bond to convey land; *Huddle* v. *Worthington,* 1 Ohio, 423; *Abrams* v. *Knouts,* 4 Ib. 214; nor on a penal bond subject to collateral conditions; *State* v. *Woodward,* 8 Mississippi, 353.

II. Covenant will not lie on an instrument in which the plaintiffs are not named; but only described as Gilbert Congdon & Co.   *Lahy* v. *Holland,* 8 Gill. 445; *Montague* v. *Smith,* 13 Mass. 396.

II. At most, the plaintiffs can recover only . the difference between $250,—the extent of the amount guarantied,—and the amount due for goods furnished before the execution of the guaranty and on the day of it, which are specified and included in it, and which have been paid for by Robinson.

IV. The defendant is not liable for anything under his guaranty, since the sum of $250 furnished to Robinson on credit, and far more, has been paid to the plaintiffs.   The balance of account claimed accrued some six years after the guaranty, and long after it had performed its office, and been satisfied.

AMES, C. J.   There can be no doubt but that covenant, and by the plaintiffs, is the proper action in which they may recover by way of damages, the amount, uncertain upon the face of the instrument, due, if anything is due to them by the defendant under this sealed guaranty.   To the maintenance of the action it is of no consequence whether the contract be conditional or unconditional, so that it be a covenant, and not a condition merely.

The question in the case is, whether the guaranty is a continuing one,—applicable to any sum of two hundred and fifty dollars which may remain due from Robinson to the plaintiffs, or is to be confined to the first sum of that amount due from the former to the latter ?   The contract of the defendant was, to pay for all articles of book account for which Robinson is now indebted, and all other articles of book account furnished to him on *this* day or any future day, provided said articles of book account do not exceed the sum of two hundred and fifty dollars. By the promise and the proviso, as we construe them, the old

debt,—agreed to be $179.88,—is expressly included within the limited amount guarantied; leaving but little over seventy dollars to be applied to the articles furnished on the day of the guaranty,—$8.67,—and thereafter to be furnished. The literal meaning of the condition is, provided the articles furnished and to be furnished,—that is, under the guaranty,—do not exceed the sum of $250. Our conclusion is, that when the plaintiffs trusted Robinson beyond that sum, they trusted him on his own account only, and placed themselves without the limits of the guaranty. As it is agreed that this sum has been long since paid, there is nothing left for the guaranty to operate upon; and judgment must be rendered for the defendant for his costs.